D. A. Watson v. Wash. Spradling, Ex'r.                563

Opinion of the Court.

---

## D. A. Watson *v.* Wash. Spradling, Ex'r.

**Guardian and Ward—Confirmation of Sale.**

> The court cannot at the instance of a guardian have a void sale by the guardian confirmed, in a suit to which the wards were not parties, upon the ground that it would be to the interest of the wards, where the purchaser at the judicial sale is resisting confirmation.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 17, 1873.

Opinion by Judge Lindsay :.

The sale to Watson by the marshal of the Chancery Court was absolutely void as to the children of Louisa Spradling, they not having been made parties to the suit in which the judgment of sale was rendered. Watson was, therefore, entitled, when the marshal's report was filed, to have the sale set aside and his bonds canceled.

The only remaining question is, whether the chancellor had the power by subsequent proceedings to perfect Watson's title and compel him to take and pay for the property. He was not made a party to the amended petition bringing these children before the court, and, so far as appears from the record, took no part in the preparation of this branch of the litigation. No special importance, however, is attached to either of these facts, except that they show that he did not consent to any of the steps therein taken.

The will of Washington Spradling, deceased, charged the estate devised to Louisa Spradling for life with remainder in fee to her children, with the payment of one-fourth of his indebtedness.

It was the duty of the chancellor, upon the petition of the executor, to decree a sale of so much thereof as might be necessary for this purpose, but this could not be done so as to divest the children of title to the portion sold without making them parties to the suit. The judgment of March 12, 1872, attempts to confirm a sale thus made, because it appears to be beneficial to them. It is to be observed, too, that this is not done upon the application of the children, nor of their statutory guardians, but upon the petition of the executor of Washington Spradling, deceased, whose interest is necessarily antagonistic to theirs. Having failed to make them parties to this original petition as he should have done, he now seeks to divest them of title and to compel the purchaser to accept title under a judgment based upon the idea that it is to their interest that they should be compelled to confirm this void sale.

It seems to us that the chancellor possesses no such power as that here attempted to be exercised. If the executor, and Louisa Spradling, and Watson, the appellant, had entered into a private contract of sale, exactly similar in terms to that made by the marshal, no court upon this joint application would have rendered a judgment conveying the interests of these infants to the purchaser, no matter how beneficial the sale might be to them. The judicial sale is of no higher dignity, so far as they are concerned, than would have been the private contract of sale.

The proceedings are in no wise analogous to proceedings for the sales of infants' real estate under the provisions of Chapter 86 of the Revised Statutes.

In those proceedings in contemplation of law, the sales are made upon the application of the infants. The chancellor makes and confirms them because the legal disabilities of the owners prevent them from acting in person. The purchaser buys from the infant, or from the chancellor who represents the infant. Like all other contracts with infants, they bind the adult purchaser, but may be avoided by the infant vendor. If the chancellor finds that by reason of some irregularity in the proceedings he cannot pass the title to the purchaser, he may, under the amendments to said chapter in certain cases, by subsequent proceedings cure these defects and complete the sale by a conveyance. In other words, he has the right to refuse to rescind the executory contract, upon the motion of the purchaser, whenever he finds it possible to tender him a good and perfect title. It was upon this theory that the constitutionality of these curative statutes was upheld. *Thornton v. McGrath,* 1 Duval 350. As was said in the case of *Woodcock v. Bowman,* 2 Duval 508: "The purchaser has no right to complain that, all of his objections being obviated and all ground of apprehension being removed, he is compelled to take the title which he purchased. He is not forced to make a new purchase, but to comply with the terms of that which he voluntarily made; and as the title which he purchased is secured to him, the enforced payment of the price he had agreed to pay is not taking his property without consent or compensation."

Watson did not purchase the title of the infant children of Louisa Spradling. The chancellor did not attempt to sell it. He made no purchase from them, and the judgment in this case recognizes that fact, and confirms the sale made before they were parties to the suit.

Watson is compelled to pay the purchase money upon the ground that the judgment of confirmation passed to him the title of the infants. If this be correct, he is compelled to make a new purchase. The infants are required to sell, although no one is authorized to represent them in the sale be made, and Watson is forced to purchase, although he is all the while protesting against it.

Besides all this, we are aware of no statute or rule of equity practice authorizing the proceedings had upon the amend-

ed petition filed after the marshal's report of sale. Prior to the passage of the amendments to Chapter 86, Revised Statutes, courts of equity did not presume to cure defective sales of infants' real estate, and their right to do so has always been based upon these statutes.

The judgment confirming the sale to Watson and the order requiring him to pay the purchase money are both reversed. Upon the return of the cause the marshal's report as to his purchase will be set aside and his bonds will be canceled.

*J. G. Wilson, for appellant.*

*Harrison, for appellee.*